MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ABIDEMI RUFAI,<br>a/k/a Sandy Tong,<br><br>Defendant. | NO. CR21-5186 DWC-BHS-1<br><br>RESPONSE TO GOVERNMENT'S MOTION FOR REVIEW OF RELEASE ORDER |

## *Introduction*

After full consideration of the facts and issues relevant to Abidemi Rufai's pretrial conditions, on May 21, 2021, Magistrate Judge Ramon Reyes, Jr., ordered Mr. Rufai released on bond. The government has appealed that Release Order. Mr. Rufai remains in custody. Currently, there is a $300,000 bond requirement. In response to the government's appeal, Mr. Rufai repeats for this Court his request to be released on conditions that will satisfy the Court he will appear at all future hearings.

Response to Government's Motion for Review of
Release Order - 1

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

*Argument*

Mr. Rufai's case is not one of presumed detention. Mr. Rufai is charged with wire fraud. District Courts across this County have held that wire fraud is not the type of crime designated for mandatory detention because, "Wire Fraud is not a crime of violence. It is not a crime that concerns a controlled substance, and is not a crime that involves minors."

A judge must order the pretrial release of a person on personal recognizance or the execution of an unsecured appearance bond, subject to conditions set by the Court, unless the judge determines that the person's pretrial release "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).

A defendant can only be detained pending trial when the Court finds either a lack of reasonable assurance of the defendant's appearance or that the defendant's continued release is a safety issue for the community. *See*, *Sauls*, *supra*., (*citing U.S. v. Covington*, No. 2:14-CR-00006 (SDW Va. Feb. 7, 2014).

The government has taken issue with whether Mr. Rufai is a flight risk. Accordingly this memorandum will discuss flight-risk, and not safety-risk.

1. **Elements for Court's Consideration**

The defense agrees the government is entitled to bring this motion and that the Court conducts a *de novo* review, addressing release under 18 USC § 3142.

The defense also agrees it is well settled "the Government carries a dual-burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden,

the government must then demonstrate, by a preponderance of the evidence, that no condition or combination of conditions could be imposed on the defendant that would reasonably ensure his presence in Court. *U.S. v. Sabhnani*, 493 F.Supp. 493 at 745 (2d Cir); 18 U.S.C. § 3142 (e); (*cf. United States v. Koenig,* 912 F.2d 1190, 1192-93 (9th Cir. 1990), *cited* in governments brief, at 9.)

Because the government does not appear to be addressing "dangerousness" related to Mr. Rufai, the defense does not, at this time, find it necessary to fully address the issue, except to mention, if somehow it becomes an issue, the government must prove this element by clear and convincing evidence.

Ultimately, "the legal standard required [for pretrial detention] is one of reasonable assurances, not absolute guarantees." *U.S. v. Orta*, 760 F.2d 887, 888 fn. 4 (8th Cir. 1985).

The defense agrees the factors relevant for consideration in determining whether to detain a defendant pretrial are: (1) the nature and circumstances of the offenses charged, including whether they are crimes of violence; (2) the weight of the evidence against defendant; (3) defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by defendant's release. 18 U.S.C. § 3142(g).

Moreover, with respect to economic crimes such as those charged against Mr. Rufai, the government must proffer more than the fact of a serious economic crime that generated great sums of ill-gotten gains. Merely having access to significant funds is not enough. *U.S. v. Giordano*, 370 F.Sup.2d 1256, 1264 (S.D. Florida 2005).

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

In the case at bar, it is respectfully submitted that the government has failed to carry out its dual burden in establishing, (i) that Mr. Rufai is a flight risk or a danger and, (ii) most importantly, that there are no conditions which will ensure his future appearance in Court.

### A. *Application of Elements to Mr. Rufai's Case*

#### 1. *The Nature and Circumstances of the Offenses Charged*

The nature and circumstances of Mr. Rufai's alleged offense favor his release. The Federal Bail Reform Statute suggests that a defendant presents a greater risk of flight if he is indicted for crimes of violence, terrorism, and those that involve a minor victim, a controlled substance, firearms, explosives, or other destructive devices. 18 U.S.C. § 1342(g). Mr. Rufai is not accused of any such offenses. Rather, Mr. Rufai allegedly submitted fraudulent FEMA disaster relief claims and fraudulent submissions to the IRS. Such a crime, while serious, is not indicative of a disrespect for judicial authority or a cavalier attitude towards the reach of law enforcement such that Mr. Rufai cannot be trusted to appear. *See U.S. v. Demmler*, 523 F.Supp.2d 677, at 681.(Dist Ct., SD Ohio, 2007[1]). Thus, the nature and circumstances of the offense favor of pretrial release.

---

[1] The *Demmler* Court addressed obstruction charges, saying, "The Government argues that obstruction of justice and witness tampering represent a threat to the integrity of judicial proceedings. Citing to the Second Circuit's decision in *United States v. LaFontaine*, 210 F.3d 125 (2d Cir.2000), the Government appears to contend that the charges against Demmler automatically warrant a finding that detention is appropriate because the disrespect for judicial authority evinced by Demmler's conduct shows that he cannot be trusted to abide by this Court's orders now. Without diminishing the gravity of the obstruction and witness-tampering charges of which Demmler stands accused, the Court declines to adopt a per se rule that these offenses necessarily demand that defendants be held in custody pending trial. *See e.g. LaLonde*, 246 F.Supp.2d at 875-76 (vacating magistrate judge's order detaining the defendant even though, in past prosecutions, the defendant had contacted witnesses and had used a private investigator to learn the identities of potential witnesses against him). No case cited by the Government, including *LaFontaine*, sweeps so broadly."

## 2. The Weight of the Evidence

The government certainly has documented the weight of the evidence against Mr. Rufai as significant. However, although the statute permits the Court to consider evidence of guilt, it neither requires nor permits a pretrial determination that defendant is guilty. *See U.S. v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985); *U. S. v. Edson*, 487 F.2d 370, 372 (1st Cir. 1973); *U.S. v. Alston*, 136 U.S. App. D.C. 334, 420 F.2d 176, 179 (D.C. Cir. 1969). Evidence of guilt may be considered only as it informs the likelihood that Mr. Rufai will fail to appear. 18 U.S.C. § 3142(g); *U.S. v. Motamedi*, 767 F.2d at 1408. Otherwise, "if the Court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment." *U.S. v. Motamedi*, 767 F.2d at 1408; *see also U.S v. Alston*, 420 F.2d at 179 80.

Although the weight of the evidence may, at this early juncture of the case weigh in favor of detention, Mr. Rufai is no more of a flight risk than any other defendant against whom the government's case is strong. Thus, the weight of the evidence is, therefore, the least important of the various factors. *U.S. v. Motamedi*, 767 F.2d at 1408 (*citing U.S. v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972)).

## 3. History and Characteristics of the Defendant

The government's brief advocates pretrial detention, and includes several references to Mr. Rufai having been arrested at the airport as he prepared to board a flight to his country of citizenship. *See* Government's Brief at 1, 5, 10. This accusation, upon scrutiny, does not merit pretrial detention. There is no evidence that Mr. Rufai was seeking to exit the county to avoid arrest. In fact, the government concedes Mr. Rufai "prepared to board a flight" "before

Response to Government's Motion for Review of
Release Order - 5

he knew he faced federal felony charges" *See*, Government's brief at 2. Thus, there is absolutely no correlation between the Indictment and Mr. Rufai's decision to leave the country to return home to his wife and two young children. Nor was Mr. Rufai under any obligation to inform the government of his intent to travel back to Nigeria at the time he was arrested.

In sum, the government's claim that Mr. Rufai was seeking to board a plane when he was apprehended for the crimes alleged in the criminal prosecution fails to clear the statutory hurdle requiring the government to show, by a preponderance of the evidence, both that Mr. Rufai is a flight risk, and that there are no conditions of release under which Mr. Rufai will appear before this Court.

Restated, Mr. Rufai's conduct in boarding a flight years after he allegedly first began committing a crime in the United States in 2017 is not indicative, as the government would ask this Court to believe, of a predisposition to flee the country. If anything, it demonstrates that he desired to return home to see his family.

Moreover, as set forth in the Pretrial Services Report, a criminal record check conducted through the National Crime Information Center state and local records revealed no criminal history for the defendant. Once, again, militating in favor of pretrial release.

It is further submitted that Mr. Rufai's status as Nigerian National should not weigh heavily in favor of pretrial detention but rather, militate in favor of pretrial release. As the government concedes, Mr. Rufai holds a distinguished Governmental position in his home country as the "Senior Special Assistant to the Governor of Okun[2]," a Nigerian state. It goes

---

[2] It is the defense understanding that due to the pending charges, he has been placed on administrative leave.

Response to Government's Motion for Review of
Release Order - 6

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON  98405
(253) 272-2157

without saying that only an individual of high moral character and integrity could achieve such a distinguished governmental appointment.

> 4. *The Nature and Seriousness of the Danger to any Person or the Community that would be Posed by Defendant's Release*

As stated above, this issue does not appear to be one that, upon this de novo review, the government is addressing. Of note to this issue, Mr. Rufai has never been convicted of a crime. There is no hint of danger to any person or the community that has been advanced.

### B. Conditions or combinations of conditions will secure Mr. Rufai's appearance

As discussed throughout this memorandum, the government's burden in seeking pretrial detention is twofold. First, it must establish a risk of flight, or that Mr. Rufai poses a danger to the community, or both. While the defense does not agree the government has made such a showing, assuming, arguendo, the government has cleared this initial hurdle, it must then demonstrate, by a preponderance of the evidence, that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in Court. *U.S. v. Sabhnani*, 493 F.3d at 75.

It is respectfully submitted that the Court must be "mindful of the reality that pretrial detention may hinder defendant's ability to gather evidence, contact witnesses, or otherwise prepare for his defense." *U.S. v. Demmler*, 523 F. Supp. 2d 677, 680 (*citing Barker v. Wingo*, 407 U.S. 514, 533(1972)). Accordingly, the Court should order pretrial detention only if there are no conditions under which Mr. Rufai's appearance and lack of dangerousness can reasonably be assured.

### C. Reasonable Conditions Ensuring Mr. Rufai's Future Appearances Before the Court

Here, there exist several conditions which can be imposed to ensure Mr. Rufai's appearance. As noted previously in the Pretrial Services Report, pretrial release was recommended on a substantial bond with the following additional conditions (summarizing):

1. Restricted travel to the Eastern District of New York and the Western District of Washington. This will allow Mr. Rufai to remain at his brother's residence in Queens and visit his attorneys in Long Island and the State of Washington. Anything else would need to be approved by pretrial services;
2. Surrender of all travel documents;
3. Do not apply for or obtain any travel documents;
4. Report to pretrial services as directed; and
5. Be subject to random home and employment visits.

Mr. Rufai previously made additional suggestions, and proposes the following to the Court at this time:

1. Maintain residence at the same address in Jamaica, New York, as noted in the previous Pretrial Services Report, or any other residence approved in advance by Pretrial Services,
2. Be subjected to Location Monitoring by Pretrial Services, and
3. Execute an Appearance Bond, even if it requires a Surety.

Response to Government's Motion for Review of Release Order - 8

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

These additional conditions will ensure that Pretrial Services will be aware of Mr. Rufai's whereabouts on a 24/7 basis and will negate any fears that he will leave the Country.

### C. Case Comparisons

In addition to the above considerations required of the Court, the Court should consider the countless defendants whom the Court has released facing allegations similar to Mr. Rufai's, or at least involving similar loss amount allegations. For example, in a different case defended by the same counsel (Hester) as Mr. Rufai, *U.S. v. Cova Campbell*, CR20-5065RJB, the Court ordered Ms. Campbell released. This followed her arrest in Oklahoma following allegations of having misappropriated over $6,000,000.00 in funds from the local Pierce County Housing Authority. She was released with reporting requirements in Oklahoma. Her case has been pending for over a year (it is currently pending sentencing). Counsel is also defending a different defendant in the Western District of Washington (Seattle) who has recently entered a guilty plea to charges that include misappropriating nearly twice the amount the government has accused in the Rufai loss. This defendant remains under a release order and is also pending sentencing.

Ultimately, it appears to the defense that the government is requesting Mr. Rufai be detained simply because he ordinarily would be living in Nigeria at this time. The government has offered no proof of a plan to escape to Nigeria, or anywhere. It has provided a bit of a proffer of information questioning Mr. Rufai's veracity, and it has addressed the background of one who was previously identified as a surety on the bond. These interesting concerns do not amount to proof at any level that Mr. Rufai is a flight risk.

## *Conclusion*

In conclusion, it is respectfully submitted that the government has failed to establish the necessary elements to warrant pretrial detention, particularly, that there are no conditions or combination of conditions which will ensure his appearance in Court. Both electronic monitoring, a specific residence, and reporting are all conditions that will ensure his whereabouts and movements are both restricted and known to the government at all times.

As such, it is respectfully requested that Mr. Rufai's request for release be granted upon the conditions outlined in the pretrial services report and upon any additional conditions which this Court deems just and appropriate.

DATED this 1st day of June, 2021.

                      HESTER LAW GROUP, INC., P.S.
                      Attorneys for Defendant

            By:    */s/ Lance M. Hester*
                    LANCE M. HESTER
                    WSB #27813

## CERTIFICATE OF SERVICE

Lee Ann Mathews, hereby certifies under penalty of perjury under the laws of the State of Washington, that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the plaintiff and co-defendants, if any, and hereby certify that I have mailed the document by U.S. Postal Service to Abidemi, Rufai, defendant.

Signed at Tacoma, Washington this 1st day of June, 2021.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Lee Ann Mathews*
　　　　　　　　　　　　　　　　　　　　　　　LEE ANN MATHEWS