The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>   v.<br><br>ABIDEMI RUFAI<br>a/k/a Sandy Tang,<br><br>  Defendant. | CASE NO. CR21-05186BHS<br><br>**GOVERNMENT'S MEMORANDUM RE: DEFENDANT'S FRAUDULENT SURETY SCHEME** |

## I. INTRODUCTION

This submission provides new information relevant to the government's Motion for Review of Release Order. Specifically, earlier today, the government received a transcript of a call between Rufai and his brother that took place after the second detention hearing. The recording makes clear that, contrary to the defense's representations to the Magistrate Judge, Rufai does not even know the supposed "family friend" who agreed to serve as a surety and custodian. The call also discloses that, contrary to Rufai's statements to Pretrial Services, Rufai has significant financial resources that he states he will use to buy his release. All of this shows that Rufai has participated in a scheme to mislead the court and Pretrial Services, and underscores the fact that he is not a suitable candidate for pretrial release.

Memorandum re: Fraudulent Surety Scheme- 1
*United States v. Rufai* – CR21-05186BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II.     BACKGROUND

As discussed in prior pleadings, defendant proffered a surety at the May 21, 2021 detention hearing.  The defense characterized the surety as a "family friend" who would not only sign the bond, but who would also agree to allow Rufai to live with her and her husband (who is now known to be a twice-convicted identity thief in his own right) while on pretrial release.  Dkt. 13, Ex. B at 5.

The surety was placed under oath at the detention hearing.  *Id.* at 9.  The surety testified that she sees the defendant "at least once or twice" each time the defendant comes to the United States, which is "often."  *Id.* at 10.  The surety further testified that she had seen defendant on his current visit to the United States, and that she had also attended the defendant's son's "naming ceremony" in Queens, New York.  *Id.* at 9.  Rufai was present for all of this testimony.

On June 23, 2021, the government received a transcript of a recorded call between defendant and his brother.  *See* Ex. A (transcript of call).  The call took place on May 25, 2021—four days after the detention hearing.  It is evident from the recording that the defense's presentation of the surety as a friend of Rufai was false, and that, in fact, Rufai does not even know the surety.  In the call, Rufai's brother states that "they found a lady to set up the bail." Ex. A at 2.  Rufai responds "yeah . . . we were together in court last week.  But that lady . . . that lady agreed to do [it]."  Rufai's brother tells Rufai that "Dayo" (the person who arranged the surety) told the brother that the surety has "only been to Nigeria once."  *Id.*  at 4.  Rufai asked if the surety's husband is in New York or Nigeria.  *Id.*  The brother responded that "her husband is here in New York."  *Id.*

Rufai and his brother then discussed the fact that the surety might withdraw because of pressure on her family in Nigeria resulting from publicity about the case.  They discussed the possibility of obtaining another surety.  Rufai stated:

> Whoever you can get, I don't know, do you understand?  No matter how it is, I will pay the money.  Do you understand?  Just leave that alone.  I will pay the money. . . .   The money is available.  You don't have to be afraid of that.

Memorandum re:  Fraudulent Surety Scheme- 2
*United States v. Rufai* – CR21-05186BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Ex. A p. 5.

### III. DISCUSSION

It is evident from the call that Rufai knowingly participated in a scheme to mislead the Court. Rufai was present when the surety gave testimony that led the magistrate judge to believe she and Rufai knew one another well enough for her to be a suitable surety and third-party custodian. In fact, Rufai did not even know "the lady" and did not know basic biographical information about her. The recording also makes clear that Rufai has significant assets (at least enough to cover a $300,000 bond), which he is willing to use however he can to secure his own release. This is contrary to his statement to Pretrial Services in New York that "his only asset is $6,000 in the United States and $10,000 in Nigerian checking and savings account." Pretrial Service Report at 2. And, the recording shows that Rufai and his brother conspired to set up a replacement sham surety to buy Rufai's release.

The provision of false information to the Court and Pretrial Services "indicates a willingness by the defendant to obstruct the criminal justice process," and should be considered in evaluating detention because it bears on the defendant's character. *United States v. Herndon*, 2020 WL 2607154 at *7 (M.D.N.C. 2010). A misrepresentation to Pretrial Services "strongly weighs against the defendant's release because it undermines any basis the Court may have for concluding that he would obey conditions, and heightens the concern that he will resume criminal activity . . .." *Id*.; *see United States v. Cornish*, 12 Fed. Appx. 363, 363-4 (6th Cir. 2001) (affirming detention order where a trial judge found "the defendant was not truthful with either the court or Pretrial Services"); *United States v. Vega*, 206 F.R.D. 266, 271 (N.D. Cal. 2001) (ordering detention based in part on defendant's "conduct of providing false information to Pretrial Services").

//
//

Memorandum re: Fraudulent Surety Scheme- 3
*United States v. Rufai* – CR21-05186BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Memorandum re: Fraudulent Surety Scheme- 4
*United States v. Rufai* – CR21-05186BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. CONCLUSION

This new information, together with that previously provided, makes clear that defendant presents an extreme flight risk who cannot be expected to observe conditions of release or appear for court. The Court should revoke the release order.

DATED: June 23, 2021.

Respectfully submitted:
TESSA M. GORMAN
Acting United States Attorney

*s/ Seth Wilkinson*
SETH WILKINSON
CINDY CHANG
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

Memorandum re: Fraudulent Surety Scheme- 5
*United States v. Rufai* – CR21-05186BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970