The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | NO. CR21-5186 DWC-BHS-1 |
| | ) | |
| vs. | ) | |
| | ) | DECLARATION OF MICHAEL C. |
| ABIDEMI RUFAI, | ) | BARROWS IN RESPONSE TO |
| a/k/a Sandy Tong, | ) | THE GOVERNMENT'S |
| | ) | BASELESS SURETY SCHEME |
| Defendant. | ) | ALLEGATIONS |
| | ) | |

Pursuant to 28 U.S.C.§ 1746, I, Michael C. Barrows, hereby declares as follows:

1. I am co-counsel for Mr. Abidemi Rufai, having been admitted *pro hac vice* by Order of this Court dated June 3, 2021.

2. I respectfully submit this declaration in response to the government's wild, unsupported accusations that Mr. Rufai has engaged in a "fraudulent surety scheme" which would now warrant this Court's departure from the Eastern District's learned decision to release Mr. Rufai pending trial on alleged non-violent offenses of wire fraud.

Declaration in Response to Government's Baseless Surety
Scheme Allegations - 1

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

3.      As the Indictment makes clear, the damages which Mr. Rufai is alleged to have "caused and *attempted* to cause" is believed to be "in excess of $350,000.00." *See* Indictment at ¶ 1 (emphasis added). Curiously, there is no indication in any of the documents filed by the government that Mr. Rufai actually caused *any* monetary loss to the State of Washington, let alone losses in the speculative sum of $350,000.00.

4.      Notwithstanding, the government has gone through great lengths to challenge Mr. Rufai's pre-trial release, submitting not one, but *two* memorandums in further support of their application for a *de novo* review of the Eastern District of New York's determination that the government "has not established its burden to prove that there are no conditions or combination of conditions that can secure his presence in the jurisdictions to face these charges." *See* Transcript of Proceeding dated May 19, 2021 at page 17, lines 12-17.

5.      A review of the government's most recent memorandum, purporting to depict Mr. Rufai's informal and innocuous conversation with his brother - where the each refer to the surety as "lady" - as evidence of a "fraudulent surety scheme" is both self-serving and unsupported by the transcripts themselves. Nothing contained in the transcript of that conversation indicates that the defendant was unfamiliar with Ms. Nekpen Soyemi or that the "defense's presentation of the surety as a friend of Rufai was false." *See* Government Memorandum dated June 23, 2021 at page 2, lines 16.

6.      The government's reliance upon the statement that the surety has "only been to Nigeria once" as an indication that she was not a family friend of Mr. Rufai is intentionally misleading. A review of the proceedings indicates that Ms. Soyemi's *family* (not Ms. Soyemi

Declaration in Response to Government's Baseless Surety
Scheme Allegations - 2

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

herself, who was born in Brooklyn) came from the same area in Nigeria as that of Mr. Rufai, that she attended the christening of Mr. Rufai's son *in New York* five years prior to the indictment, and that Mr. Rufai regularly visited her when he traveled to *New York.*

7. The government's position that "Mr. Rufai did not even know [Ms. Soyemi] and did not know basic biographical information about her" (*id.* at page 3, lines 6-7) is an absolute fabrication and cannot be found anywhere in the transcript of conversation between Mr. Rufai and his brother. At no point in the conversation did Mr. Rufai indicate that he did not know Ms. Soyemi. This is pure fiction, and is a further indication that the government will say anything, supportable or not, in an effort to keep Mr. Rufai incarcerated pending his trial so as to exert maximum pressure.

8. The Court should be reminded that Mr. Rufai has no criminal record whatsoever, is a respected member of his country's government, and the crimes alleged herein are non-violent in nature. Candidly, it would seem that the government has chosen to offer intentionally false and/or misleading information in an effort to exaggerate the crimes alleged while tarnishing the reputation of a well-respected Nigerian government official.

9. It is further submitted that the government's intentional mischaracterizations of both Mr. Rufai's conversation with his brother, and the nature of his relationship with the proffered surety, demonstrates the underlying weakness of the government's position *vis-a-vis* their request for review of the Eastern District's decision to grant Mr. Rufai's pre-trial release; especially in light of Mr. Rufai's willingness to go above and beyond the recommendations of

Declaration in Response to Government's Baseless Surety
Scheme Allegations - 3

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

Pre-Trial Services to include the posting of a bond and his willingness to be fitted with an electronic monitoring device.

10. The government's further claim that Mr. Rufai's statement to his brother that "the money is available" somehow indicates that Mr. Rufai "has significant assets... which he is willing to use however he can to secure his own release" (*id.* at page 3, lines 7-8) is equally unsupported by the record, yet offered as fact. In actuality, Mr. Rufai's statement "that money is available" is indicative of the fact that he has the support of caring friends and family that he can call upon should this Court require a bond.

11. It is further suggested that despite the fact that this conversation took place in English, English is not Mr. Rufai's native language - a fact which the government is intentionally playing upon in suggesting such nuanced meaning.

12. While the defense is mindful of the fact that this application is a *de novo* review of the New York Eastern District Court's approval of pre-trial release, it is respectfully submitted that the government's "new information" is nothing more than an unabashed "eleventh hour" attempt provide this Court with justification to come to a different conclusion based upon nothing more than conjecture and supposition.

13. Stated differently, the government is offering this Court nothing more, substantively speaking, than what was already offered to the Eastern District of New York.

14. I declare under penalty of perjury, that the foregoing is true and correct.

Executed on this 24th day of June, 2021 at Garden City, New York.

_____
Michael C. Barrows

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

## CERTIFICATE OF SERVICE

Lee Ann Mathews, hereby certifies under penalty of perjury under the laws of the State of Washington, that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the plaintiff and co-defendants, if any, and hereby certify that I have mailed the document by U.S. Postal Service to Abidemi, Rufai, defendant.

Signed at Tacoma, Washington this 24th day of June, 2021.

_/s/ Lee Ann Mathews_
LEE ANN MATHEWS

Declaration in Response to Government's Baseless Surety Scheme Allegations - 6

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157