UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>ABIDEMI RUFAI,<br><br>                    Defendant. | CASE NO. CR21-5186 BHS<br><br>ORDER |

This matter is before the Court on Abidemi Rufai's motion for sentence reduction. Dkt. 59. The fact that his original sentence for his wire fraud conviction falls below the adjusted guideline range and the operation of a statutory minimum for his aggravated identity theft charge preclude relief. His motion is **DENIED**.

## I.    BACKGROUND

Rufai stole sensitive personal identifying information of more than 20,000 Americans and used that information to fraudulently obtain federally funded benefits, including tax returns, under a variety of relief programs. Dkt. 51, ¶¶ 13-30. Rufai attempted to obtain more than $2 million in federally funded payments and succeeded in

1   obtaining at least $500,000 from fraudulent unemployment, tax refund, economic injury,

2   and FEMA[1] disaster claims. *Id.*

3        Rufai pleaded guilty to two criminal counts based on this conduct: wire fraud and

4   aggravated identity theft. Dkt. 42. In September 2022, the Court sentenced Rufai to 36

5   months' imprisonment for the wire fraud conviction. Dkt. 56 at 2. This fell well below

6   the guideline range for the offense, which at the time was 63 to 71 months. Dkt. 51, ¶ 94.

7   For the aggravated identity theft conviction, the Court imposed the statutory mandatory

8   term of 24 months' imprisonment to run consecutively to the 36-month wire fraud term.

9   Dkt. 56 at 2.  His total sentence is 60 months' imprisonment. *Id*. Rufai's projected release

10  date is April 2025.

11       Rufai moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Dkt. 59

12  He argues that the Sentencing Commission's Amendment 821 to the United States

13  Sentencing Guidelines (USSG) for "zero-point" offenders warrants a reduction of his

14  sentence to 51 months.

15       The Government opposes reduction. Dkt. 62. It argues that even if Rufai qualified

16  as a zero-point offender, the policy statement under USSG § 1B1.10(b)(2) precludes

17  reducing his sentence for the wire fraud conviction because his original 36-month

18  sentence is already below the 51-month low end of the adjusted guideline range for that

19  offense. It argues that § 3582(c)(2) precludes reducing his sentence for aggravated

20  identity theft because that sentence was mandated by a statutory minimum sentence.

21

22       [1] Federal Emergency Management Agency.

1

**DISCUSSION**

2

**A.      Applicable Law**

3

Under 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of

4

imprisonment "constitutes a final judgment and may not be modified by a district court

5

except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010)

6

(internal quotations omitted). Pursuant to 18 U.S.C. § 3582(c)(2), a district court has

7

authority to reduce a defendant's sentence under the following limited circumstances:

8
9
10
11

> [I]n the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon
> motion of the defendant or the Director of the Bureau of Prisons, or on its
> own motion, the court may reduce the term of imprisonment, after
> considering the factors set forth in section 3553(a) to the extent that they
> are applicable, if such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.

12

The relevant policy statement additionally warns that "a reduction . . . is not authorized

13

under 18 U.S.C. 3582(c)(2) [if the] amendment . . . is applicable to the defendant but the

14

amendment does not have the effect of lowering the defendant's applicable guideline

15

range because of the operation of . . . .... a statutory mandatory minimum term of

16

imprisonment[ ]." USSG § 1B1.10, comment. (n.1(A)); *see also United States v. Paulk*,

17

569 F.3d 1094, 1095 (9th Cir. 2009), *as amended* (Aug. 6, 2009).

18

Amendment 821 provides a two offense-level reduction for offenders who

19

present zero criminal history points. The new provision states:

20

> § 4C1.1. Adjustment for Certain Zero-Point Offenders

21

> (a) ADJUSTMENT.—If the defendant meets all of the following
> criteria:

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

        (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
        (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
        (3) the defendant did not use violence or credible threats of violence in connection with the offense;
        (4) the offense did not result in death or serious bodily injury;
        (5) the instant offense of conviction is not a sex offense;
        (6) the defendant did not personally cause substantial financial hardship;
        (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
        (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
        (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
        (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
decrease the offense level determined under Chapters Two and Three by 2 levels.

In August 2023, the Commission determined that "Amendment 821,"[2] applies retroactively. The Supreme Court in *Dillon* mandated a two-step approach for district courts to follow in applying a retroactive guideline amendment such as Amendment 821 to reduce a sentence under § 3582(c)(2). 560 U.S. 817. At step one,

    § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in

---

[2] The relevant portion of Amendment 821 appears in Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, in Section 4C1.1.

subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*

Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A).

560 U.S. at 827. At step two,

> § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Id*. In short, the Court must first determine whether Amendment 821 would have been applicable to Rufai at the time of his sentencing, and if so, not reduce his term of imprisonment to less than the minimum of the amended guideline range. If step one is satisfied, the Court would then turn to step two and consider the applicable § 3553(a) factors and determine whether a reduction is warranted under the particular circumstances of his case.

**B.      The Parties' Arguments**

Rufai argues that Amendment 821's zero-point offender provision decreases his offense level by two points because he did not have any criminal history points at the time of his offense and he did not create a "substantial financial hardship per § 4C1.1(a)(6)." Dkt. 59 at 4–5. He asserts that the 2-point decrease takes his offense range from 63–78 months to 51–63 months. *Id* at 7. He asks the Court to reduce his sentence to 51 months. *Id*. He argues that the § 3553(a) factors weigh in favor of reduction,

1    particularly because he is a first-time offender with minor children and he may lose his

2    citizenship given his conviction. *Id*. at 8.

3        The Government opposes reduction. Dkt. 62. It argues that even assuming Rufai

4    qualified as a zero-point offender, his original sentence for his wire fraud conviction is

5    "already significantly shorter than the low end of the revised range" and therefore

6    ineligible for further reduction. *Id*. at 5–6. Rufai was sentenced to 36 months of

7    imprisonment for his wire fraud conviction, and the revised range applying the zero-point

8    offender reduction is 51–63 months. *Id*. The Government contests that Rufai qualifies as

9    a zero-point offender because it argues his crime caused substantial financial hardship. *Id*.

10   at 6 n.3. It does not elaborate on that argument however because of its position that he is

11   ineligible for reduction given that his original 36-month sentence falls below the range

12   with a zero-point offender reduction. *Id*.

13       The Government argues that Rufai's aggravated identity theft sentence is

14   ineligible for reduction "because it was determined by the statute of conviction rather

15   than the Sentencing Guidelines" and the Sentencing Commission "has no authority to

16   alter a statutory mandatory penalty." Dkt. 62 at 6. In support, it cites *Paulk*, 569 F.3d

17   1094. There, the Ninth Circuit determined that the defendant was not entitled to a

18   sentence reduction "because his sentence was not 'based on a sentencing range that has

19   subsequently been lowered by the Sentencing Commission,' 18 U.S.C. § 3582(c)(2), but

20   rather was based on the statutory mandatory minimum under 21 U.S.C. § 841. This

21   mandatory minimum 'was not affected by the change in the [drug] equivalency tables.'"

22   *Id*. at 1094–95 (quoting *United States v. Mullanix,* 99 F.3d 323, 324 (9th Cir.1996)).

1    Thus, the Government argues, even if Rufai qualified as a zero-point offender, the Court

2    could not reduce his of 24-month sentence for the aggravated identity theft because the

3    sentence was controlled by a statutory minimum.

4         Rufai replies that his sentence is not like the defendant's in *Paulk*. Dkt. 66 at 6.

5    Rufai asserts that in in contrast to *Paulk*, only part of his sentence employs a statutory

6    minimum. He argues that "the 24-month sentence that results from the 'guideline

7    sentence' calculated at § 2B1.6 is to be considered by this court as part of this mixed

8    sentence that the defendant was overall sentenced to." *Id*. at 6.

9    **C.    Rufai's sentence cannot be reduced under § 3582(c)(2)**

10        The Court rejects Rufai's argument to consider the 60-month custody term as a

11   whole "mixed sentence." The Court instead assesses the sentence for each conviction

12   individually for eligibility under § 3582(c)(2). Neither qualify for reduction. His wire

13   fraud sentence is ineligible because even if he qualified as a zero-point offender, his

14   original 36-month term falls below the adjusted guideline range of 51 months. USSG §

15   1B1.10(b)(2).  His aggravated assault sentence is a statutory minimum and categorically

16   ineligible for reduction under § 3582(c)(2). USSG § 1B1.10 comment. (n.1(A)).

17        Because Rufai does not qualify for relief pursuant to USSG § 1B1.10(b)(2) and §

18   U.S.S.G. § 1B1.10 comment. (n.1(A)), the Court does not assess the § 3553(a) factors.

19                                    **II.  ORDER**

20        Therefore, it is hereby **ORDERED** that Rufai's motion for sentence reduction,

21   Dkt. 59, is **DENIED**.

22   *//*

Dated this 23rd day of April, 2024.

BENJAMIN H. SETTLE
United States District Judge